In Re: Nomination Petition of Gloria M. Morgan. Robert Douglass Burdick, Appellant.

In Re: Nomination Petition of Gloria M. Morgan. Robert Douglass Burdick, Appellant.

In Re: Nomination Petition of Richard Shohen. Robert Douglass Burdick, Appellant.

In Re: Nomination Petition of Tom Bannon. Robert Douglass Burdick, Appellant.

In Re: Nomination Petition of Joseph A. Coscia. Diane B. Hogg, Appellant.

Argued April 23, 1981, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Philip J. Berg*, for appellants.

*Ilene Verbit Goldberg*, with her *John T. Action, P.C.*, for appellees, Gloria M. Morgan, Richard Shohen and Tom Bannon.

No appearance for appellee, Joseph A. Coscia.

MEMORANDUM OPINION BY JUDGE ROGERS, May 5, 1981:

We have consolidated for consideration and disposition five appeals from separate orders of the Court of Common Pleas of Montgomery County dismissing the respective Petitions to Challenge and Strike the Nominating Petition of each individual appellee. In cases 764 C.D. 1981, 765 C.D. 1981, 766 C.D. 1981 and 767 C.D. 1981, the appellant/challenger is Robert Douglass Burdick. In case 768 C.D. 1981, the appellant/challenger is Diane B. Hogg. Philip J. Berg, Esquire, argued all the cases for the appellants and Ilene Verbit Goldberg, Esquire, argued all but case No. 768 C.D. 1981 for the appellees. No appearance was entered for the appellee in No. 768 C.D. 1981.

In each case, the appellant timely filed the Petition to Challenge and Strike on March 17, 1981. By order of the lower court dated March 18, 1981, per President Judge RICHARD S. LOWE, a hearing on each petition was scheduled for March 20, 1981. The court further ordered "that a copy of the within Petition and this Order be served upon Respondent . . . by personal service made by any adult individual." In each order, the name of the appropriate respondent, i.e., the person named in the particular nominating petition, was inserted where we have placed an ellipsis in the above quoted portion of the court's order.

Service of the petition to challenge and strike and of the court's order of March 18, 1981 was made upon the appellee in each case as follows: 764 C.D. 1981, 765 C.D. 1981 and 767 C.D. 1981—handed to an adult at the home of the appellee; 766 C.D. 1981 and 768 C.D. 1981—left in the front door at the home of the appellee. At the hearing on March 20, 1981, the court dismissed all of the appellants' petitions on the ground that personal service upon each of the appellees, as required by the court's order of March 18, 1981, had not been effected. These appeals followed.

Before proceeding to the appellants' contentions, we must dispose of the appellees' motion to dismiss the appeals, orally presented at argument before this Court. Appellees first assert that the appellants' appeals must be dismissed because they were not filed within two (2) days after entry of the lower court's order of March 20, 1981, dismissing the appellants' petitions, as required under Section 976 of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §2936. However, the two day filing limitation contained in Section 976 is applicable only when the lower court enters an order concerning a *nomination* petition which has been rejected in the first instance by the filing authorities on the ground that the political party or political body referred to in the nominating petition advocates the violent overthrow of the government of this Commonwealth or of the United States. Petitions objecting to or challenging a nomination petition are governed by Section 977 of the Election Code, 25 P.S. §2937, which is silent on matters concerning appeals from the lower courts. Therefore, in such cases, appeals from the lower courts are governed by Rule 903(c)(2) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 903(c)(2), which provides that appeals from a lower court in matters arising under the Election Code must

be taken within ten (10) days after the entry of the lower court's order. Appellants' appeals from the lower court's order of March 20, 1981, were filed on March 30, 1981, within the ten-day period.[1]

Appellees also claim that this Court lacks jurisdiction over the appellants' appeals. Appellees again rely on Section 976 of the Election Code, which, prior to amendment on July 7, 1972, stated that appeals from the lower court "may be taken . . . to the Superior Court." However, as discussed above, Section 976 of the Election Code is not applicable to matters concerning petitions objecting to or challenging a nomination petition. Section 977 controls such cases, and this section does not expressly direct appeals to a particular court. Accordingly, this Court has jurisdiction of appeals taken from matters encompassed by Section 977 of the Election Code by virtue of Section 2 of the Judicial Code, 42 Pa. C. S. §762(a)(4)(i)(C).

Moreover, even if this were a proceeding under Section 976 of the Election Code, this Court would still have jurisdiction. Section 2 of The Act of July 7, 1972, P.L. 732, amended Section 976 of the Election Code so that that Section now states only that "an appeal may be taken" from the order of a lower court. There is no longer a direction of appeals under Section 976 to the Superior Court. Thus, this Court now has jurisdiction of appeals under Section 976 pursuant to Section 2 of the Judicial Code, 42 Pa. C. S. §762(a)(4)(i)(C).

Accordingly, the appellees' motion to dismiss these appeals is denied.

---

[1] Appellants contend that Pa. R.A.P. 903(c)(2) has the further effect of annulling the two (2) day limitation contained in Section 976 of the Election Code. While we need not reach this issue, we note that Section 2 of the Judicial Code, 42 Pa. C. S. §5571(c), states that when the Election Code provides for a lesser time for appeal than the general rules of procedure, the time shall be governed by the shorter period contained in the Election Code.

We now turn to the appellants' contention that the lower court erred in holding that the manner in which service was made did not constitute personal service upon the individual appellees as required by the lower court's order of March 18, 1981. Appellants contend that service upon the individual appellees was proper under Pa. R.C.P. No. 233, which provides in pertinent part that

[a]ll legal papers, except writs and pleadings, to be served upon a party under any Rule of Civil Procedure including but not limited to . . . petitions . . . shall be served . . .

(1) within the county in which the action is pending by leaving a copy for or mailing a copy to him at the residence or place of business of the party.

This is a case of first impression in the appellate courts of this Commonwealth.

Pa. R.C.P. No. 233, by its very terms, pertains only to legal papers "to be served upon a party under any Rule of Civil Procedure." A petition objecting to a nomination petition filed pursuant to Section 977 of the Election Code is not to be served upon the named candidate under the Rules of Civil Procedure; rather, Section 977 provides that "the court shall make an order fixing the time for hearing . . . and specifying the time and manner of notice that shall be given to the candidate or candidates named in the nomination petitions or paper sought to be set aside." Thus, under Section 977, the lower court, " 'ha[s] complete control to regulate the time and manner of giving notice and the fixing of hearings.' " *Moore Nomination Petition,* 447 Pa. 526, 533, 291 A.2d 531, 535 (1972) (quoting *Objections to Nomination Petition of Gangewere,* 60 Dauph. 534, 537 (1950)).

In the instant cases, the lower court's order of March 18, 1981 required that the appellants' petitions

and court's orders of that date "be served upon the Respondent[s] . . . by personal service." The decisive factor here is that the lower court's order required "personal service" upon the individual appellees. If the lower court had merely required "service" upon the individual appellees, we might well be inclined to hold that service could be perfected in accordance with the guidelines of Pa. R.C.P. No. 233. However, it is the opinion of this Court that by specifying personal service in its order, the court below required that the individual appellees be personally served, i.e., be handed a copy of the appellants' respective petitions and the court's order. Admittedly, this was not done in any of the present cases.

We add that the action of the lower court in ordering that the individual appellees be personally served was not inappropriate. The short time allowed under Section 977 of the Election Code for the hearing and disposition of challenges to nomination petitions suggests that persons whose petitions are challenged should be quickly and surely notified. Further, if personal service cannot be made, because it is avoided, or for any reason, the court can be asked to authorize other forms of notice. *See Moore Nomination Petition, supra.*

Accordingly, we enter orders affirming the orders appealed from.

ORDER IN No. 764 C.D. 1981

AND Now, this 5th day of May, 1981, the order of the Court of Common Pleas of Montgomery County No. 81-4738 is affirmed.

ORDER IN 765 C.D. 1981

AND Now, this 5th day of May, 1981, the order of the Court of Common Pleas of Montgomery County No. 81-4740 is affirmed.

ORDER IN 766 C.D. 1981

AND Now, this 5th day of May, 1981, the order of the Court of Common Pleas of Montgomery County No. 81-4741 is affirmed.

---

ORDER IN 767 C.D. 1981

AND Now, this 5th day of May, 1981, the order of the Court of Common Pleas of Montgomery County No. 81-4742 is affirmed.

---

ORDER IN 768 C.D. 1981

AND Now, this 5th day of May, 1981, the order of the Court of Common Pleas of Montgomery County No. 8-4747 is affirmed.