573 A.2d 679

**Margaret A. TARTAGLIONE, John F. Kane, and Maurice Floyd, City Commissioners of Philadelphia, Appellants,**

v.

**Josephine GRAHAM and Paul A. Hill, Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 11, 1990.

Decided May 1, 1990.

Ralph J. Teti, Chief Deputy City Sol., for appellant.

Robert J. Mulligan, Philadelphia, for appellee.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

This appeal comes from orders of the Court of Common Pleas of Philadelphia County, dated March 27, 1990, which directed that the names of twenty-one individuals who had filed as candidates in the upcoming primary election seeking the position of committeeman or committeewoman, but whose nomination petitions were rejected for various reasons by the Philadelphia City Commissioners (Appellants), were to be listed on the ballot. Having reviewed the record in this matter, we affirm the orders of the common pleas court.

Appellants serve as the county board of elections for Philadelphia County. Section 976 of the Pennsylvania Election Code (Code) [1] empowers any county board of elections to reject a nomination petition containing material errors or defects apparent on the face of the petition. Exercising their authority under the Code, Appellants rejected a number of nomination petitions filed by individuals who wished to be candidates in the May 15, 1990 Primary Election. Appellants sent each of these individuals a form letter which reads as follows:

This office is returning your Nomination Petition and your name will not appear on the Ballot at the May 15, 1990 election unless you take legal action by filing a MANDAMUS with the Court of Common Pleas for the

1. Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2936.

City of Philadelphia within two (2) days from the date you receive this notice....

The letter also listed the specific reasons for rejection in each case. All of these letters were apparently dated March 8, 1990.

Josephine Graham and Paul Hill, Appellees, were two of those whose nomination petitions were rejected by Appellants, and who received the form letter referred to above. Appellees responded by filing an action in equity, in the form of a class action suit, with the common pleas court on March 16, 1990. Following a hearing, the trial court found that the two day time period for seeking a mandamus referred to in Appellants' letter was a time period that was neither adequate nor mandated by the Code, and that the adoption of this time period was in excess of Appellants' authority.

In an effort to remedy this error, the trial court directed, in an order dated March 19, 1990, that each individual who received Appellants' form letter be notified and given the opportunity to reinstate his or her nomination petition at hearings to be held on March 27, 1990. Other parties were also given the opportunity to file objections to these petitions, which would be heard on this same date. Twenty-one of those whose petitions were rejected by Appellants had their names reinstated on the ballot at these hearings.[2] Appellants then filed this appeal.

Before this Court, Appellants contend that there was no basis under the Code for the trial court to exercise equity jurisdiction. Appellants also contend that Appellees were entitled to no relief because they failed to file a timely mandamus petition.

■ While a trial court's authority to entertain an action

---

**2.** While the common pleas court records provided to us are not complete, we are advised in the brief of Appellees' counsel that each of the twenty-one whose nomination petitions were reinstated had this result based in each case upon a mandamus action.

at equity concerning the Code is questionable,[3] we are not faced with that situation because the trial court ruled on individual mandamus actions in each of the cases here. The trial court conducted separate mandamus proceedings for each individual who wished to have his or her name reinstated as a candidate. The orders appealed from were issued not as equitable relief but in response to separate actions at law in the nature of mandamus proceedings. Thus, the orders before us were not issued under the trial court's equity jurisdiction, and we need not address Appellants' contention respecting whether any basis for equity jurisdiction would exist in this case.

■ Appellants' next assertion is that the mandamus actions here were untimely filed. While Appellants' brief does not explicitly state the basis for this assertion of untimeliness, it would appear that they are implicitly relying on a reference to a two day time period in Section 976 of the Code. This particularly lengthy Code section is divided into three paragraphs. It is the third paragraph which makes reference to a two day period, following announcement of a rejection of a nomination petition by a filing authority, in which one may make application to a court to compel its reception. However, as the trial court correctly noted, this entire third paragraph, and the two day period referred to therein, relates only to nomination petitions rejected by filing authorities on the ground that the political party is composed of a group of electors advocating the violent overthrow of the government. *In re Nomination Petition of Morgan,* 59 Pa.Commonwealth Ct. 161, 428 A.2d 1055 (1981). None of the nomination petitions at issue here were rejected for this reason. Therefore, the third para-

---

**3.** The Pennsylvania Supreme Court has stated that the proper remedies for violations of the Pennsylvania Election Code are to be found within the comprehensive legislative framework of the Code itself. *Brunwasser v. Fields,* 487 Pa. 283, 409 A.2d 352 (1979). Moreover, this Court has said that "election contest" proceedings are wholly statutory, and jurisdiction must be found in the Code or in some other statute incorporating the Code by reference. *Reese v. County Board of Elections of Lancaster County,* 10 Pa.Commonwealth Ct. 448, 308 A.2d 154 (1973).

graph of Section 976 and the time periods referred to therein are inapplicable to Appellees' situation.

The first and second paragraphs of Section 976 are those which apply in this matter. The first paragraph of Section 976 provides that the action of a filing authority in refusing to receive a nomination petition may be reviewed by a court upon application to compel its reception. However, neither it nor the second paragraph contain any reference to a time period in which said application must be made. Thus, we find no language in the Code which supports Appellants' claim that Appellees' mandamus actions were untimely filed.

■ Our courts have frequently stated that the Code must be liberally construed so as not to deprive an individual of his or her right to run for office. *See, e.g., Ross Nomination Petition,* 411 Pa. 45, 190 A.2d 719 (1963). While the procedural devices used here may appear unusual, we believe that the mandamus hearings scheduled by the trial court in these cases were done in this spirit of liberality in order to correct the erroneous information given to Appellees by Appellants.

Therefore, having found no merit to Appellants' contentions, we affirm the orders of the common pleas court reinstating the names of those twenty-one individuals following mandamus proceedings.

PALLADINO, J., dissents.

## ORDER

AND NOW, May 1, 1990, the orders of the Court of Common Pleas of Philadelphia County, dated March 27, 1990, at issue in the above-captioned matter, are hereby affirmed. The Prothonotary is directed to notify forthwith the Appellees and the Philadelphia County Board of Elections.