**In re Nomination Petitions Daniel P. McELHATTON.**

**Eric Blumenfeld and William Curry, Jr., Appellants.**

Commonwealth Court of Pennsylvania.

Argued April 21, 1999.
Decided April 26, 1999.
Publication Ordered April 26, 1999.

suspension of Claimant's benefits.

Albert A. Mezzaroba, Philadelphia, for appellants.

Samuel C. Stretton, West Chester, for appellee.

Before COLINS, President Judge, DOYLE, J., and FRIEDMAN, J.

COLINS, President Judge.

This opinion is in support of the order filed April 21, 1999. Eric Blumenfeld and William Curry, Jr., (collectively Objectors) appeal a final order of the Court of Common Pleas of Philadelphia County (common pleas court) granting Daniel P. McElhatton's (Candidate) motion to dismiss the petition to set aside Candidate's nomination petition (petition). In the motion to dismiss, Candidate contended that process had not been served in conformity with a March 17, 1999 Rule Returnable[1] of the

1. The March 17, 1999 Rule Returnable is not part of the original record certified to this Court. Neither is the Rule recorded on the docket of the common pleas court. However, the Rule was included in Candidate's Reproduced Record. Since the Rule has not been made part of the lower court record, this Court cannot properly review it. Further discussion on this point is set forth *infra*.

common pleas court; and that therefore, the common pleas court lacked jurisdiction to hear the petition. Service of the petition was made upon the Candidate by leaving the papers with a receptionist at his law office who was an employee of Candidate's landlord. The common pleas court dismissed the petitions on the ground that personal service upon the Candidate, as required by the Rule Returnable of March 17, 1999, had not been effected. This appeal followed. We hold that Objectors' service of process was sufficient to satisfy the requirements of the March 17 Rule, and the requirements of Section 977 of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2937.

We must first dispose of the Candidate's motion to dismiss the appeal on the basis that this Court erred in granting the Objectors' motion to amend the caption. Briefly, what occurred is that the Objectors' appeal to this Court incorrectly named the Candidate as the appellant. The Candidate learned of this error and sought to withdraw the appeal, knowing the appeal was incorrectly captioned. The Candidate's request to withdraw the appeal was denied. Subsequently, beyond the time for amendment as of right, the Objectors sought to correct their mistake. By order of this Court, the Objectors were permitted to amend the caption. Candidate now appeals our order granting amendment, however, the procedural mechanism utilized by the Candidate is incorrect. We shall address the issue nonetheless, since this is an election proceeding and time is of the essence.

■ A failure to comply with Pa. R.A.P. 904 will not result in a dismissal of the notice of appeal as long as the notice of appeal is timely filed. *Commonwealth v. Gumpert,* 354 Pa.Super. 595, 512 A.2d 699 (1986). Here, the candidate incorrectly

named the "appellant" and the "appellee." That typographical error alone will not be treated as a fatal defect in this election proceeding because the parties to the proceeding were named, although incorrectly titled. *See generally* Pa. R.A.P. 904; Darlington, G. Ronald, et al, 1 Pennsylvania Appellate Practice, § 904:3 (2d ed.1997).

■ We have appellate jurisdiction over the final order of common pleas court pursuant to 42 Pa.C.S. § 762(a)(4)(i)(C); 25 P.S. § 2937. Our scope of review is limited to examination of the record to determine whether the trial court committed errors of law and whether the court's findings were supported by adequate evidence. *In re Petition to Contest General Election for District Justice in Judicial District 36–3–01,* 695 A.2d 476 (Pa.Cmwlth.1997), *petition for allowance of appeal denied,* —— Pa. ——, 729 A.2d 1132 (1998)).

Objectors sought to remove Candidate's name from the primary election ballot for the Democratic Nomination for Councilman at Large in the City of Philadelphia by challenging his nomination petition based on signatures. On March 17, 1999, pursuant to Section 977 of the Election Code, 25 P.S. § 2937, the court of common pleas[2] entered a rule returnable on Objectors scheduling a hearing on the petition and directing the time and manner of service of the petition. The Rule provided that:

Service upon the City Commissioners/County Board of Elections to be made upon City Commissioners, or person in charge of the City Commissioners' Office, Room 142 City Hall, Philadelphia, Pennsylvania, on or before the 19th day of March, 1999 at 4:00 p.m.

Service to be made upon the nominee, Daniel P. McElhatton, personally or upon an adult at his/her residence, or upon the person in charge of his/her

---

**2.** On March 17, 1999, the Honorable Mary D. Colins entered the Rule Returnable. The appeal herein is not from the entry of the Rule Returnable but rather from the order of the Honorable Alan L. Tereshko granting the Candidate's motion to dismiss with prejudice the Objectors' petition to aside the nomination petition.

place of business, on or before the 19th day of March, 1999 at 4:00 p.m.

The matter went before the Honorable Alan L. Tereshko for hearing on March 22, 1999. The sole issue addressed was in response to an oral motion by the Candidate seeking dismissal of Objectors' petition to set aside the nomination papers on the basis of failure to comply with the service requirements set forth in the March 17, 1999 Rule.

■ Candidate's contention was that regardless of the fact that he received notice of the hearing, service was not in conformity with the common pleas court March 17 Rule rendering service ineffective, and the challenge to his nomination petition untimely, thereby depriving common pleas court of jurisdiction to hear the matter.[3] The factual findings reflect that the Candidate is a lawyer with his principal place of business located at Suite 725, 2 Penn Center Plaza, 1500 John F. Kennedy Boulevard, Philadelphia, Pennsylvania. Candidate has an office-sharing arrangement with another office whereby Candidate rents space from the other office and shares certain common areas. The reception area is a common area, not surprisingly, staffed with a receptionist who is not in the Candidate's employ.

Part of the office-sharing arrangement allows Candidate to utilize the services of the receptionist at Candidate's discretion. As related to the offices of the Candidate, the receptionist is authorized to answer the telephones, to receive clients, and to receive mail and packages. (Notes of Testimony, pp. 4, 8–12.)

It is undisputed that a process server went to the Candidate's place of business during regular business hours and served the papers upon the receptionist at approximately 12:30 p.m. At the direction of the receptionist, the process server left the papers on the floor in front of the Candidate's office door. It is undisputed that all of this occurred before 4:00 p.m. on March 19, 1999. Further, it is undisputed that on that very same date the candidate was in his office from 2:30 p.m. until 7:00 p.m. What is in dispute is whether the process server served the papers upon a "person in charge of [the candidate's] business" as mandated by the March 17 Rule. Judge Tereshko found that the receptionist was "not in charge" of the candidate's office; therefore, service was not proper.

■ The common pleas court cited no case law or statutory authority to support that conclusion. Furthermore, there is no evidence of record evidencing the March 17 Rule entered by common pleas court. Since the Candidate based his motion to dismiss the petition on the March 17 Rule, it was critical to the success of his motion that the Rule be of record. We have checked the common pleas court docket and the original record certified to this Court, and we find that the March 17 Rule is absent from both. There being no March 17 Rule of record herein, we conclude Candidate cannot assert his challenge to the service of the petition based upon the March 17 Rule. Thus, we conclude common pleas court was without authority to dismiss the petition, and we would reverse on that ground alone.

■ However, the technical rules of civil and appellate procedure are not to be followed blindly in election cases so as to frustrate the electoral process. *See In re Nomination Petition of Justin Johnson,* 509 Pa. 347, 502 A.2d 142 (1985). Therefore, we shall assume there is a proper March 17 Rule of record. Based on the record below, we conclude common pleas court erred as a matter of law in determining service was not perfected.

■ Again, we note that election cases are governed solely by the Election Code. Under the Election Code, the lower

---

**3.** "Without valid service of process, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her." *Cintas Corporation v. Lee's Cleaning Services, Inc.,* 549 Pa. 84, 700 A.2d 915, 917–918 (1997).

court has "complete control to regulate the time and manner of giving notice and fixing of hearings." *In Re Morgan,* 59 Pa. Cmwlth. 161, 428 A.2d 1055, 1058 (1981); 25 P.S. § 2937. Thus, the rules of civil and appellate procedure are not applicable to a challenge to a nomination petition or paper. *In re Justin Johnson.* For "[t]o encumber the election process with 'niceties in form' by incorporating the rules of civil procedure by judicial interpretation would frustrate the carefully designed time frame established under the [Election] Code for the expeditious disposition of these objections." *Id.,* 509 Pa. at 351, 502 A.2d at 145.

■ Here, unlike in *Morgan,* the lower court did not require "personal service" upon the Candidate; instead, the lower court allowed service upon a "person in charge of the [Candidate's] place of business." All that is required for effective service of process "upon a person in charge of a person's business" is a "sufficient connection between the person served and the defendant to demonstrate that service was reasonably calculated to give the defendant notice of the action against it." *Cintas Corporation v. Lee's Cleaning Services, Inc.,* 549 Pa. at 95, 700 A.2d at 920. The decisive factor in determining whether an individual is "in charge of the place of business" is a connection with the business.

■ In the case *sub judice,* the receptionist was authorized to receive on behalf of the Candidate, clients, telephone calls, mail, and packages. Therefore we conclude the receptionist was "in charge of the place of business" in the absence of the Candidate. We admonish the Candidate for asserting a challenge to the service of process and remind him as well as others that

It should not be possible for a defendant to avoid a valid service of original process by the device of placing an office or usual place of business under the control of a subsidiary or minor employee and thereafter taking the position that such

person did not bear a proper relationship to the company so that service upon him or her would be sufficient to assure the requisite notice to the company.

*Cintas* at 920, fn. 3 (*quoting* Goodrich Amram 2d § 424(2):2 (1991)). Moreover, we note that even, assuming *arguendo,* service was ineffective, common pleas court erred in dismissing the petition with prejudice. Instead, common pleas court should have merely set aside the service, rather than dismissing the action. *Frycklund v. Way,* 410 Pa.Super. 347, 599 A.2d 1332 (1991).

We have presented several avenues common pleas court could have pursued in this matter, none of which permitted dismissal of the action. Having carefully reviewed the record and pertinent case law and statutory authority, we conclude common pleas court erred in finding that service was not effective when the papers were served on the receptionist. The order dismissing the action was reversed. The common pleas court order that service on the Candidate was defective was reversed; the case was remanded to the common pleas court with direction to conduct a hearing forthwith on the merits of the underlying petition.

FRIEDMAN, Judge, dissenting.

Because I disagree with the majority's analysis on the issue of whether service was properly made by Objectors, I must dissent.

In this instance, I must agree with the Candidate and with the trial court that service was not properly made because it did not comport with the manner of service prescribed by the Election Code in conjunction with the Rule Returnable of Judge Mary Colins on March 17, 1999.

I would agree with the majority's reasoning if the process server for Objectors simply had left the petition with the receptionist; at that point, service of the petition would have been made because the receptionist is an adult person in charge of the Candidate's place of business. Howev-

er, here, the process server only attempted to hand the petition to the receptionist; he then removed the petition from the Candidate's office reception area and placed it on the floor outside of the door to the Candidate's office. By that action, the process server revoked any previous attempt at service. Objectors made no additional attempt at service.

As the trial court found, "[the Candidate] was neither served personally nor was service effectuated upon a person in charge of his place of business." Where there is substantial evidence in the record to support the trial court's findings,[1] and those findings are the only grounds for the appellate challenge, our scope of review does not permit reversal. *In Re: Primary Election of May 19, 1998*, 721 A.2d 1156 (Pa.Cmwlth.1998). Accordingly, I would affirm the order of the trial court dismissing the petition to set aside the Candidate's nomination petition.

---

1. The majority states that "Judge Tereshko found that the receptionist was 'not in charge' of the candidate's office; therefore, service was not proper." (Majority op. at 166.) However, the trial court actually found that service was not effected on a person in charge of the Candidate's office. Because there is no dispute that the process server never effected service on the receptionist, who at the time was in charge of the Candidate's place of business, the trial court's finding is supported by the record evidence.