J-S25039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AUGUSTUS SIMMONS | : | |
| | : | |
| Appellant | : | No. 253 EDA 2021 |

Appeal from the PCRA Order Entered December 30, 2020,
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005175-2011

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED SEPTEMBER 13, 2021**

Augustus Simmons (Simmons) appeals from the order of the Court of Common Pleas of Montgomery County (PCRA court) dismissing his third petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On March 8, 2012, Simmons entered a negotiated guilty plea to several offenses across six cases. In this case, Simmons pleaded guilty to conspiracy to commit homicide and conspiracy to commit arson. That same day, the trial court imposed an agreed-upon sentence of 25 to 50 years' imprisonment. Simmons filed neither post-sentence motions nor a direct appeal. As a result, his judgment of sentence became final in April 2012.

---

[*] Retired Senior Judge assigned to the Superior Court.

Simmons filed his first PCRA petition in January 2013. Counsel was appointed and requested to withdraw by filing a no-merit letter. The PCRA court issue notice of its intent to dismiss without a hearing under Pa.R.Crim.P. 907 and Simmons filed a response. In June 2014, the PCRA court dismissed the petition and allowed counsel to withdraw. This Court affirmed in June 2015 and our Supreme Court denied Simmons's petition for allowance of appeal in October 2015. *See Commonwealth v. Simmons*, 122 A.3d 1129 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 125 A.3d 1201 (Pa. 2015).

Simmons filed his second petition in December 2015 but failed to plead any exceptions to the PCRA's jurisdictional time bar. As a result, in February 2016, the PCRA court dismissed the petition, following which Simmons filed a timely notice of appeal. This Court affirmed in January 2017 and our Supreme Court denied the petition for allowance of appeal in July 2017. *See Commonwealth v. Simmons*, 160 A.3d 256 (Pa. Super. 2017), *appeal denied*, 169 A.3d 105 (Pa. 2017).

On September 10, 2019, Simmons filed this, his third PCRA petition, asserting various grounds for relief based on the Commonwealth failing to inform him that Leon Lobban (Lobban), a co-defendant who gave an incriminating statement against him, was an illegal immigrant. According to Simmons, at the time he gave his statement, Lobban was detained by U.S. Immigration and Customs Enforcement (ICE), thus giving him an incentive to

lie to avoid being deported. If he had known about this information, Simmons claims he would not have agreed to enter the guilty plea.

Turning to timeliness, Lobban asserted that his petition was timely because he filed it within one year of finding out about Lobban's immigration status. Simmons claimed that he learned of the new information in January 2019 when a fellow inmate found a 2013 memorandum opinion from the U.S. District Court of the Middle District of Pennsylvania denying a habeas petition filed by Lobban.

On July 8, 2020, the PCRA court issued its Rule 907 notice of intent to dismiss the petition without a hearing. Besides finding that Simmons failed to prove any of the timeliness exceptions, the PCRA court noted that he failed to include any affidavits or certifications to support his allegations. After receiving a response from Simmons, the PCRA court formally dismissed the petition on December 30, 2020, following which Simmons filed a timely notice of appeal.[1]

---

[1] On April 14, 2021, this Court issued a Rule to Show Cause, as the notice of appeal failed to state the date of the order being appealed. Simmons responded by acknowledging the mistake and clarifying that he was appealing from the PCRA court's December 30, 2020 final order dismissing his petition.

Under Pa.R.A.P. 904(e), "[t]he notice of appeal shall include a statement that the order appealed from has been entered on the docket." We find, however that the notice of appeal, which was timely filed on January 19, 2021, was sufficient. **See In re McElhatton**, 729 A.2d 163, 165 (Pa. Cmwlth. 1999) (""A failure to comply with Pa.R.A.P. 904 will not result in a dismissal of the
*(Footnote Continued Next Page)*

Before considering the merits of Simmons's PCRA petition, we must first determine whether his petition is timely under the PCRA's jurisdictional time-bar.[2]  "A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." *Commonwealth v. Graves*, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted); *see also* 42 Pa.C.S. 9545(b)(1).  "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).  Because the timeliness requirements of the PCRA are jurisdictional, no court may consider the merits of an untimely petition.  *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020).

Simmons's judgment of sentence became final in April 2012 after he declined to file a direct appeal.  *See* 42 Pa.C.S. § 9545(b)(3).  Because Simmons filed this petition in September 2019, his petition is facially untimely.  Consequently, he must plead and prove one of the exceptions to the PCRA's timeliness requirements.

---

notice of appeal as long as the notice of appeal is timely filed.") (citation omitted).  Thus, we decline to quash this appeal.

[2] Whether a PCRA petition is timely filed is a question of law over which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

There are three exceptions to the PCRA's jurisdictional time-bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition invoking an exception to the time bar "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[3]

Simmons asserts that his petition was timely under either the governmental interference exception or the newly discovered facts exception. Under the former, "the petitioner must plead and prove that the failure to

_____

[3] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to expand the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date that the claim arises. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. This amendment applies to claims arising one year before December 24, 2017, the effective date of the amendment. **Id**. at § 3. Because Simmons filed his petition on September 10, 2019, the amendment applies to him.

In his brief, Simmons alleges that the PCRA court applied the former 60-day time bar to him rather than the one year. This is incorrect. As explained below, the PCRA court's dismissal did not hinge on which version of subsection 9545(b)(2) applied, and instead was based on its finding that Simmons was not diligent in discovering the information.

previously raise these claims was the result of interference by government officials, and that the information could not have been obtained earlier with the exercise of due diligence." ***Commonwealth v. Smith***, 194 A.3d 126, 133 (Pa. Super. 2018) (citation omitted).

The newly discovered facts exception, meanwhile, "requires a petitioner to demonstrate that he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests and explain why he could not have learned the new facts earlier with the exercise of due diligence." ***Commonwealth v. Diggs***, 220 A.3d 1112, 1117 (Pa. Super. 2019) (citation omitted). Due diligence does not require "perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Brensinger***, 218 A.3d 440, 449 (Pa. Super. 2019) (citation omitted). This being the case, "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." *Id.* (citation omitted). "A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." *Id*. (citation omitted).

The PCRA court found neither exception applicable because Simmons failed to show that he acted with due diligence in finding out about the District Court's 2013 decision involving Lobban. In so finding, the PCRA court explained:

> [Simmons's] claim fails [] because he provides no explanation whatsoever as to why that federal court opinion that alerted him to the fact that [Lobban] was subject to immigration proceedings, to which [Simmons] or those helping him obviously had access while imprisoned, could not have been discovered by [Simmons] for a period of almost 6 years after the opinion was filed in 2013 *(i.e.,* almost 5 years after time deadline expired). Or, put another way, [Simmons] provides no explanation why he could not have discovered the opinion (and thus, the fact of the immigration proceedings) with the exercise of due diligence within one year of the opinion's publication.

PCRA Court Opinion, 3/25/21, at 5-6 (footnotes omitted).

We agree with this analysis, as Simmons fails to explain why he could not have learned about Lobban's immigration status earlier than January 2019, especially since the source of that information was a judicial decision that a fellow inmate found. Simmons does not recount any efforts he made in the intervening six years to learn more about Lobban but was unsuccessful. Thus, he failed to show that he acted with due diligence.

Aside from this deficiency, we also agree with the Commonwealth about the speculative nature of Simmons's primary claim. The District Court's opinion reveals that Lobban, who was a citizen of Jamaica, arrived in the United States in October 2002 as a permanent resident. In January 2011, he was convicted of drug charges in Montgomery County and eventually taken

into ICE custody in May 2013. ***See Lobban v. Decker***, No. 13-1442, 2013 WL 2471608, at *1 (M.D. Pa. June 7, 2013).

Besides mischaracterizing Lobban as an illegal immigrant, Lobban pleaded guilty in Montgomery County in January 2011—over a year before Simmons entered his guilty plea. Moreover, Simmons presents no evidence in support of his claim that Lobban gave any false statements in exchange for consideration to avoid deportation. Instead, Simmons merely speculates that this is the case simply because he had a detainer from ICE and was facing possible deportation. This being the case, we find no error in the PCRA court dismissing the serial petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2021