J-S26012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NELSON HERNANDEZ RIVERA | |
| Appellant | No. 346 MDA 2021 |

Appeal from the PCRA Order entered March 2, 2021
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0002098-2017

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.: **FILED: OCTOBER 22, 2021**

Appellant, Nelson Hernandez Rivera, appeals *pro se* from the March 2, 2021 order entered in the Court of Common Pleas of Luzerne County dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we remand to the PCRA court for the preparation of a supplemental Pa.R.A.P. 1925(a) opinion.

In its Pa.R.A.P. 1925(a) opinion, the PCRA court urges this Court to quash the instant appeal because the notice of appeal, which was dated March 1, 2021, but filed March 16, 2021, did not "include a statement that the order appealed from had been entered on the docket and no date is provided for the order resulting in the appeal." PCRA Court Opinion, 5/21/21, at 2 (unnumbered) (relying on Pa.R.A.P. 301(a)(1), Pa.R.A.P.

904(d), and ***Commonwealth v. Dennis***, 2020 WL 6377004 (Pa. Super. October 30, 2020)).

We agree with the PCRA court that the notice of appeal is defective. However, it is obvious from the criminal docketing statement that Appellant is appealing the March 2, 2021 order. Accordingly, we will entertain this timely appeal despite the inadequacy of the notice. ***See Commonwealth v. Martin***, 462 A.2d 859, 860 (Pa. Super. 1983), *overruled on other grounds* by ***Commonwealth v. Graves***, 508 A.2d 1198 (Pa. 1986). ***See also Commonwealth v. Poulson***, 2021 WL 2935597, at *1 n.2 (Pa. Super. July 13, 2021) ("A failure to comply with Pa.R.A.P. 904 will not result in a dismissal of the notice of appeal as long as the notice of appeal is timely filed." ***In re McElhatton***, 729 A.2d 163, 165 (Pa. Cmwlth. 1999), (citing ***Commonwealth v. Gumpert***, 512 A.2d 699 (Pa. Super. 1986)); ***Commonwealth v. Simmons***, 2021 WL 4147092, at *1 n.1 (Pa. Super. September 13, 2021) (same).

Appellant raises several issues for our review. Essentially, however, it appears that Appellant is arguing that trial counsel was ineffective for letting him plead guilty despite language issues, that direct appeal counsel was ineffective for not challenging the validity of his plea, and that PCRA counsel was ineffective for failing to challenge the effectiveness of trial counsel and direct appeal counsel.

We are unable, however, to address these claims as we do not have the benefit of the PCRA court's Pa.R.A.P. 1925(a) opinion addressing those issues.[1]

Accordingly, we remand to the PCRA court for the filing of a supplemental Rule 1925(a) opinion addressing the issues Appellant raised in his appellate brief. The PCRA Court shall have 30 days from the date of this memorandum to issue and file a supplemental Rule 1925(a) opinion and return the supplemented original record to our Court.

Case remanded for proceedings consistent with this memorandum. Jurisdiction retained.[2]

---

[1] In its opinion, the PCRA Court noted, without explaining, that "[e]ven if [Appellant's PCRA petition] were to be considered, it is without merit." PCRA Court Opinion, 5/21/21, at 3 (unnumbered).

[2] Appellant's motion for leave to file an amended notice of appeal is denied as moot.