J-A22034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE ALLEN JOHNSON III | : | |
| | : | |
| Appellant | : | No. 1282 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 30, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007141-2019

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED: JANUARY 11, 2023**

Appellant, George Allen Johnson, III, appeals from the July 30, 2021 Judgment of Sentence entered in the Allegheny County Court of Common Pleas following his guilty plea to four firearms offenses, two driving under the influence offenses, and seven drug and drug paraphernalia possession offenses.  Appellant contends that the Commonwealth breached the plea agreement.  We agree and, thus, we vacate Appellant' judgment of sentence and remand for further proceedings.

The relevant facts and procedural history are as follows.  On May 11, 2019, police arrested Appellant for drunk driving after finding him unconscious in the driver's seat of a vehicle that had come to a stop in a residential front yard.  Police searched the vehicle and discovered two firearms, cocaine,

_____

[*] Retired Senior Judge assigned to the Superior Court.

heroin, marijuana, a digital scale, a plastic spoon covered in powder residue, and plastic baggies. Police also found a large amount of cash on Appellant's person. The Commonwealth then charged Appellant with the above crimes.

On April 13, 2021, Appellant entered a general guilty plea to all the charged crimes. In explaining the terms of the plea agreement, Appellant's counsel informed the court there had been no agreement as to sentence and that "it is my understanding that there would be no objection [or] commentary at the time of sentencing to what the [d]efense requests."[1] Counsel further clarified that the Commonwealth "indicated she would not object at the time of sentencing to a sentencing request that we make at the time of the hearing."[2] The Commonwealth did not object to Appellant's counsel's characterization of the plea agreement or offer its own interpretation of the agreement it had reached with Appellant. The plea court acknowledged the agreement by stating "Okay. I mean, that's fine. She cannot object."[3] The court then conducted a plea colloquy, after which it accepted Appellant's guilty plea. The court deferred sentencing pending preparation of a presentence investigation report.

---

[1] N.T. Guilty Plea Hr'g, 4/13/21, at 5.

[2] *Id.* at 6.

[3] *Id.*

Appellant appeared for sentencing on July 30, 2021. Prior to the imposition of sentence, Appellant's counsel recommended that Appellant "qualifie[d] for a rehabilitative mitigation sentence[,]"[4] and requested that the court impose a Justice Related Services ("JRS") plan that included a structured, long-term, inpatient drug, alcohol, and mental health treatment program.

In response to Appellant's request for a JRS plan, the Commonwealth asserted that Appellant's "presentence report is replete with facts that he cannot be supervised in the community," and then proceeded to enumerate Appellant's prior convictions and flight from drug treatment.[5] The Commonwealth characterized Appellant's past conduct as proof that Appellant "cannot be trusted in the community,"[6] made its own request that the court impose a standard-range sentence, and offered commentary in support of the recommendation.

Appellant's counsel responded by reiterating her understanding that Appellant and the Commonwealth "had an agreement . . . that there would be no recommendation on sentencing from the Commonwealth today."[7] The

_____

[4] N.T. Sentencing Hr'g, 7/30/21, at 27.

[5] *Id.* at 28-29.

[6] *Id.* at 29.

[7] *Id.* at 30.

Commonwealth then explained that when the parties "discussed the possibility that there would be no recommendation, I certainly did not expect that you would be asking for a JRS plan[,]" which the Commonwealth opined was "completely inappropriate."[8]

Following the parties' arguments, the court imposed an aggregate term of six to twelve years' incarceration followed by five years of probation.

Appellant timely filed a post-sentence motion for modification of sentence, explaining the terms of the parties' plea agreement and noting that, contrary to the agreement, the Commonwealth made a sentencing recommendation.[9]  At a hearing on the post-sentence motion, Appellant's counsel orally moved for leave to amend the motion to include a request to withdraw the plea.  The court denied the request as untimely.  After arguments from counsel, the court denied Appellant's post-sentence motion.

Appellant *pro se* filed a timely notice of appeal[10] and obtained new counsel.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

_____

[8] *Id.* at 30.

[9] Post-Sentence Motion, 8/6/21, §§ 2-7.

[10] It is implicit in Pa.R.A.P. 904, the rule governing the content of notices of appeals, that the correct date of the order appealed should be included in a notice of appeal. **Commonwealth v. Martin**, 462 A.2d 859, 860 (Pa. Super. 1983), *overruled on other grounds*, **Commonwealth v. Graves**, 508 A.2d 1198 (Pa. 1986).  Although Appellant did not identify any date for an order on appeal in his notice of appeal, we will entertain this timely appeal despite the inadequacy of the notice.  **See In re McElhatton**, 729 A.2d 163, 165 (Pa. Cmwlth. 1999) ("A failure to comply with Pa.R.A.P. 904 will not result in a

Appellant raises the following issue on appeal:

Is Appellant entitled to a re-sentencing hearing owing to the Commonwealth's breach of the Guilty Plea Agreement (with that breach occurring when the Commonwealth, which had pledged not to object to Appellant's sentencing request or to offer any comments regarding sentencing, responded to Appellant's request for a "rehabilitative mitigated sentence" with a request that he instead be ordered to serve a term of 7-to-14 years of imprisonment)?

Appellant's Brief at 3.

Appellant asserts that the Commonwealth violated the parties' plea agreement by objecting to the rehabilitative mitigated sentence proposed by his counsel and, instead of staying silent, requesting a standard-range sentence of incarceration. *Id.* at 29, 40-43, 52.

"Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards." ***Commonwealth v. Kroh***, 654 A.2d 1168, 1172 (Pa. Super. 1995) (citation omitted). In assessing whether a plea agreement has been breached, we consider what the parties to the agreement reasonably understood the terms to be. ***Commonwealth v. Hainesworth***, 82 A.3d 444, 447 (Pa. Super. 2013) (*en banc*). "Such a determination is made based on the totality of the surrounding circumstances and any ambiguities in the terms of the plea agreement will be construed against the Commonwealth." ***Id.*** (quotation marks and citations omitted). Further, "[c]ontract interpretation is a question

_____

dismissal of the notice of appeal so long as the notice of appeal is timely filed."), *citing **Commonwealth v. Gumper***, 512 A.2d 699 (Pa. Super. 1986).

of law, so our standard of review . . . is *de novo* and to the extent necessary, the scope of our review is plenary." ***Commonwealth v. Kerns***, 220 A.3d 607, 612 (Pa. Super. 2019) (quotation marks and citations).

Our Supreme Court has held:

> there is an affirmative duty on the part of the prosecutor to honor any and all promises made in exchange for a defendant's plea. Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury. Therefore, in Pennsylvania, it is well settled that where a plea bargain has been entered [into] and is violated by the Commonwealth, the defendant is entitled, at least, to the benefit of the bargain.

***Commonwealth v. Zuber***, 353 A.2d 441, 444 (Pa. 1976) (quotations and citations omitted).

Here, the trial court accepted Appellant's guilty plea. As Appellant's counsel explained to the court, in exchange for Appellant's guilty plea, the Commonwealth agreed to forego objecting to or providing commentary on Appellant's sentence request. The Commonwealth did not object to Appellant's counsel's characterization of the parties' agreement and did not offer any explanation of its own understanding of this negotiated term in response to Appellant's counsel's representations.

Our review of the notes of testimony indicates that, notwithstanding the Commonwealth's manifested assent to the negotiated term of the agreement, it violated the agreement by explicitly objected and offering comments in

opposition to Appellant's sentence request. Specifically, in response to Appellant's request for a JRS plan, the Commonwealth objected, stating that Appellant's "presentence report is replete with facts that he cannot be supervised in the community," and then proceeded to enumerate Appellant's prior convictions and flight from drug treatment. N.T., 7/30/21, at 28-29. The Commonwealth characterized Appellant's past as proof that Appellant "cannot be trusted in the community." *Id.* at 29. When, in response to these comments from the Commonwealth, Appellant's counsel reiterated her understanding that the Commonwealth had agreed not to make a sentencing recommendation, the Commonwealth responded by opining that Appellant's request for a JRS plan was "completely inappropriate." *Id.* at 30. The Commonwealth then made its own sentencing request and offered argument in support of its request. *See id.* at 29. In doing so, the Commonwealth violated the terms of the negotiated plea agreement.

In sum, following our *de novo* review, we conclude that the Commonwealth violated its agreement with Appellant. Because Appellant is entitled to the benefit of the bargain he struck with the Commonwealth, we vacate his judgment of sentence and remand for resentencing.

Judgment of Sentence vacated. Case remanded. Jurisdiction relinquished.

Judge Olson joined the memorandum. Judge Colins filed a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/11/2023