**In Re: Nomination Petition of Dowayne BLOUNT a/k/a Dee Blount for the Office of Representative in the General Assembly of District Number 103**

**Shaun E. O'Toole, Petitioner.**

Commonwealth Court of Pennsylvania.

Heard March 30, 2006.

Decided April 3, 2006.

Publication Ordered May 10, 2006.

---

Karen M. Balaban, Harrisburg, for petitioner.

Lenora M. Smith, Harrisburg, for respondent.

BEFORE: COHN JUBELIRER, Judge.

OPINION BY Judge COHN JUBELIRER.

Before this Court is Petitioner's, Shaun E. O'Toole,[1] Petition to Set Aside Nomination Petition (Petition to Set Aside) of Dowayne Blount, a/k/a Dee Blount (Candidate), a candidate for the Democratic nomination at the May 2006 primary for the House of Representatives in the General Assembly from the 103rd Legislative District. Also before the Court is Candidate's Motion to Dismiss Petition to Set Aside Nomination Petition (Motion to Dismiss). Candidate contends that the Petition to Set Aside should be dismissed because service of the Petition was made 2½ hours after the time set forth in this Court's order.

On or about March 7, 2006, Candidate filed her nomination petition, consisting of 32 pages, containing 650 signatures. On March 14, 2006, Petitioner filed his Petition to Set Aside, raising several objections to Candidate's nomination petition. By order dated March 15, 2006, this Court scheduled a hearing for March 30, 2006 on the Petition to Set Aside. This Court also ordered that written notice of the time and place of said hearing, together with a copy of said Petition, be personally served on Candidate, or an adult member of her family, on or before 5:00 p.m., on the 21st

---

1. Petitioner is a qualified elector in the 103rd Legislative District of the Pennsylvania General Assembly, and is a registered and enrolled member of the Democratic Party in the 10th Ward, 3rd Precinct in the City of Harrisburg, Dauphin County, Pennsylvania. He is also the Democratic Committeeman in the 10th Ward, 3rd Precinct, and the Chairman of the Democratic 103rd Legislative District.

day of March, 2006. However, the Petition to Set Aside and notice of hearing were not served on Candidate until 7:38 p.m. that evening.[2] On March 22, 2006, Petitioner filed a Motion to Extend Time for Personal Service, from 5:00 p.m. on the 21st of March, to 7:38 p.m. on the same day. By order dated March 22, 2006, this Court granted Petitioner's Motion to Extend Time For Personal Service until on or before 8:00 p.m., on the 21st day of March, 2006.

On March 24, 2006, Candidate filed a Motion to Dismiss, alleging that Petitioner failed to comply with this Court's March 15, 2006 order, requiring personal service to be made on her, or an adult member of her family, on or before 5:00 p.m. on March 21, 2006. Candidate averred that Petitioner did not personally serve her or an adult family member until 7:38 p.m. at her residence.[3] This Court entered an order on March 27, 2006, scheduling a hearing on Candidate's Motion to Dismiss for March 30, 2006, at 1:30 p.m., to immediately precede the scheduled hearing on the Petition to Set Aside.

At the hearing on March 30, 2006, four witnesses testified, and this Court found all witnesses credible. Candidate testified that she is currently employed with the Harrisburg School District as a Project Coordinator. She testified that on the morning of March 21, 2006, she became aware that she was to be served with the Petition to Set Aside and a notice of hearing by 5:00 p.m. that day. She also testified that she worked on March 21st, from 8:00 a.m. until 4:30 p.m. at her employer's administrative building. She testified that she was not served until 7:38 p.m., when a

Constable appeared at her residence, and served her with the Petition and notice.

The next witness to testify was the Constable, John Levenda. He credibly testified that he received the documents to be served on Candidate "late" Friday, March 17, 2006. His first unsuccessful attempt to serve Candidate was on Monday, March 20, 2006 at 7:00 p.m., at her residence. He made four additional attempts to serve Candidate on Tuesday, March 21, 2006. He attempted to serve Candidate at her residence at 3:30 p.m. and 4:00 p.m., however, he was unsuccessful. He testified that he received a call informing him that Candidate could be found at either Camp Curtin Elementary School or Foose Elementary School. Because it was late in the day, he decided to go to the latter location, and wait for Candidate there. However, Candidate never appeared. Levenda then returned to Candidate's residence, and unsuccessfully attempted service at 4:55 p.m. He waited until 5:30 p.m., and then called counsel for Petitioner, who instructed him to continue his attempts at service. At 7:38 p.m., Candidate answered her door at the residence, and Levenda presented her with the documents. Candidate inquired whether those were the papers that had to be served on her by 5:00 p.m. Levenda indicated that they were, and because he had been unable to serve her by 5:00 p.m., he was instructed to continue his attempts at service. Candidate did not take the papers, so Levenda placed them on the floor at Candidate's feet. Thus, he testified that he successfully served Candidate at 7:38 p.m. at her residence.

---

**2.** The parties stipulated that the time of service was 7:38 p.m. on March 21, 2006.

**3.** Also on March 24, 2006, this Court entered a Case Management Order, directing the parties to provide the Court with information and

a stipulation. On March 29, 2006, Petitioner filed a Petition to Suspend Case Management Order due to a delay in receipt of the Order. This Court granted said Petition as to Petitioner on the same day.

Next to testify was Lesa Nornhold, who works in the office of the Superintendent of the Harrisburg School District. She testified that she was asked, by the Superintendent, to check Candidate's office from 3:30 p.m. to 4:30 p.m., on Tuesday, March 21, 2006, in an attempt to locate her. Nornhold testified that she checked Candidate's office every fifteen minutes and Candidate was out of the office during the hour; so, she called Donna Cheatham, Academic Program Coordinator and Candidate's supervisor, to find out where Candidate was. Cheatham testified that she received a call from Nornhold inquiring as to Candidate's whereabouts. Cheatham told Nornhold that Candidate was, most likely, visiting either Camp Curtin Elementary School or Foose Elementary School. She also testified that she tried to call Candidate on her cell phone, but there was no answer.[4]

At the close of the hearing, the Court denied Candidate's Motion to Dismiss. The Court found that all witnesses were credible, Candidate was not trying to evade service, and Levenda's attempts to serve Candidate were reasonable.

■ The primary purpose of service is to give adequate notice of the pendency of an action. *Continental Bank v. Rapp*, 336 Pa.Super. 160, 485 A.2d 480 (1984). The service of the Petition to Set Aside is not addressed by the procedures in Section 977 of the Pennsylvania Election Code,[5] which provides the sole and exclusive remedy for challenging a person's right to run for political office.[6] *See In re Lee*, 133 Pa.Cmwlth. 1, 574 A.2d 1168 (1990), *rev'd on other grounds*, 525 Pa. 155, 578 A.2d 1277 (1990). Candidate does not deny receiving service, but asserts only that it was 2½ hours late.

■ Under Section 977 of the Pennsylvania Election Code, the lower court "has complete control to regulate the time and manner of giving notice and the fixing of hearings." *In re Morgan*, 59 Pa.Cmwlth. 161, 428 A.2d 1055, 1058 (1981) (quoting *In re Moore*, 447 Pa. 526, 533, 291 A.2d 531, 535 (1972)). This is because selection of the time and manner of giving notice and fixing hearings is clearly an exercise of the judicial function and, therefore, purely directory. *See In re Nomination Papers of American Labor Party*, 352 Pa. 576, 44 A.2d 48 (1945) (reasoning that "legislature ... could not ... constitutionally impose upon the courts mandatory duties pertaining to the exercise of judicial function");

---

**4.** The Court overruled Blount's continuing hearsay objection to Levenda's testimony because he was testifying as to why he took the steps he did in attempting to serve Candidate, not only at her residence, but also at the Foose Elementary School. He was not testifying regarding the truth of where Candidate actually was on the 21st. We also note that his testimony was consistent with the testimony of both Nornhold and Cheatham.

**5.** Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 2937.

**6.** Section 977 of the Pennsylvania Election Code provides in pertinent part:

All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court specifically setting forth the objections thereto, and praying that the said petition or paper be set aside. A copy of said petition shall, within said period, be served on the officer or board with whom said nomination petition or paper was filed. Upon the presentation of such a petition, the court shall make an order fixing a time for hearing which shall not be later than ten days after the last day for filing said nomination petition or paper, and specifying the time and manner of notice that shall be given to the candidate or candidates named in the nomination petition or paper sought to be set aside....

*In re Moore* (holding that while the legislature prescribes a timetable for when hearings must be held by the court, the scheduling and specifying the time and notice of a hearing is discretionary as a judicial function). This Court has also held, in *In re Wilson*, 728 A.2d 1025 (Pa.Cmwlth. 1999), that a trial court's failure to enter an order specifying the time or manner for serving notice is not a fatal defect when the candidate had actual notice of the hearing. There, candidate's counsel conceded that his client had actual notice, 8 days to prepare for trial, and never argued that he suffered any prejudice as a result of the service. We held that our primary concern when issuing notices is that candidates, whose petitions are challenged, be "quickly and surely notified." *Id.* at 1029 (quoting *In re Morgan*, 428 A.2d at 1058.)

 Similar to the facts in *In re Wilson*, here, the Court's March 15th order scheduling a hearing provided Candidate 8 full days to secure counsel and prepare for trial, and the 2½ hour delay (from 5:00 p.m. to 7:38 p.m.), in comparison, did not prejudice Candidate's ability to prepare for trial. Like *In re Wilson*, at no point during the hearing did Candidate argue that she was prejudiced in any manner by the 2½ hour delay in receiving service.[7] Furthermore, Candidate conceded that, on the morning of March 21st, she telephoned the Court, and was informed that she would be served by 5:00 p.m., that day, with the Petition to Set Aside and that a hearing was scheduled for March 30, 2006; therefore, she had actual notice of the date of the hearing. Furthermore, our Court's March 15, 2006 order requiring service on Candidate on or before 5:00 p.m. on March 21st was an administrative order reflecting a "normal time" for close of business. The purpose of our order was to provide Candidate with a full and fair opportunity, consistent with the requirements of due process, to prepare a defense in response to Petitioner's objections to her nomination petition. This purpose was fulfilled; therefore, this Court's order, dated March 22, 2006, granting Petitioner's Motion to Extend Personal Service until on or before 8:00 p.m., on the 21st day of March, 2006 was not in error.

We hold that the personal service on Candidate provided her with adequate notice of the proceedings in sufficient time to allow her to prepare and, therefore, substantially complied with our Order of March 15, 2006. Accordingly, we deny Candidate's Motion to Dismiss.

At the close of the hearing, Counsel for both parties stipulated that Petitioner's Objections to Candidate's Nomination Petition were no longer contested because the number of valid signatures would be fewer than the required 300.[8] Therefore, we must grant the Petition to Set Aside and order that Candidate's name be stricken from the ballot.

---

7. In fact, Candidate could have properly moved for a brief continuance if more time to prepare was deemed necessary. *In re Moore*, 447 Pa. at 532, 291 A.2d at 535.

8. Pursuant to Section 912.1 of the Pennsylvania Election Code, added by Section 2 of the Act of December 12, 1984, P.L. 968, *as amended*, 25 P.S. § 2872.1(14), candidates for nomination for the office of Representative in the General Assembly must have a minimum of 300 valid signatures on their nomination petitions.