**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

18-1911

_____

DEUTSCHE BANK NATIONAL TRUST CO, as Trustee for MORGAN STANLEY
CAPITAL INC. TRUST 2006-HE2 Mortgage Pass-Through Certificates, Series 2006-
HE2,

                                                            Appellant

v.

BENDEX PROPERTIES LLC;

LACKAWANNA COUNTY TAX CLAIM BUREAU
(Intervenor in District Court)

_____

On Appeal from the District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-16-cv-00432)
Honorable Joseph F. Saporito, Jr., U.S. Magistrate Judge

_____

Argued: January 23, 2019

Before: JORDAN, KRAUSE, and ROTH, *Circuit Judges*

(Opinion filed: June 18, 2019)

Kelly K. Huff
Brett L. Messinger
Brian J. Slipakoff     [ARGUED]
Duane Morris
30 South 17th Street
United Plaza
Philadelphia, PA 19103

*Counsel for Appellant Deutsche Bank National Trust Co.*

John J. Brazil
Suite 200
310 Adams Avenue
Scranton, PA 18503

    *Counsel for Appellee Bendex Properties LLC*

Christopher Harrison
Joseph J. Joyce, III  [ARGUED]
Joyce Carmody & Moran
9 North Main Street
Suite 4
Pittston, PA 18640

    *Counsel for Appellee Lackawanna County Tax Claim Bureau*

_____

**OPINION**[*]
_____

KRAUSE, *Circuit Judge*.

Appellant Deutsche Bank National Trust Company appeals the District Court's ruling that the mortgage it held on a property was extinguished when that property was purchased by Appellee Bendex Properties LLC in a judicial tax sale. Because we conclude that Appellee Lackawanna County Tax Claim Bureau failed to meet its statutory obligations when it conducted the sale, we will reverse.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

## I.     Background

In 2005, Tiffany Buck bought a home in Scranton, PA.  Her purchase was financed through a standard mortgage arrangement with Decision One Mortgage Company, wherein Buck received cash to purchase the property in exchange for a note secured by a mortgage on the home.  Though Decision One originated the mortgage, the mortgagee was listed as the Mortgage Electronic Recording Systems, Inc. (MERS), as nominee for Decision One and its successors and assigns.[1]  Deutsche Bank came into possession of the note in 2011.

Buck failed to pay her real estate taxes owed on the property for 2012 and 2013, and in 2014, she defaulted on her mortgage.  The Lackawanna County Tax Claim Bureau then initiated judicial tax sale proceedings by petitioning the Lackawanna County Court of Common Pleas to issue a Rule to Show Cause, which is a requirement under the Pennsylvania Real Estate Tax Sale Law (RETSL).  *See* 72 Pa. Cons. Stat. § 5860.610.  Before a judicial tax sale can be held, all parties with an interest in the property must be served with a "rule . . . to appear and show cause why a decree should not be made that said property be sold, freed and cleared of their respective tax and municipal claims, liens, mortgages, charges and estates."  *Id.*  The required manner of service depends on the location of the interest holder.  Those residing in Pennsylvania must be served in

---

[1] "MERS is a national electronic loan registry system that permits its members to freely transfer, among themselves, the promissory notes associated with mortgages, while MERS remains the mortgagee of record in public land records as 'nominee' for the note holder and its successors and assigns." *Montgomery Cty. v. MERSCORP Inc.*, 795 F.3d 372, 374 (3d Cir. 2015).

person, while those residing elsewhere need only be served with a copy of the Rule to Show Cause through "registered mail, return receipt requested[ and] postage prepaid," at their "last known post office address." *Id.* § 5860.611.

The Court granted the Tax Claim Bureau's petition and issued a Rule to Show Cause on January 22, 2015 (the "Rule"). Both the petition and the Rule correctly identified Buck as the property owner and included the correct tax map number for the property. But both documents also included an incorrect street address: Instead of *727* North Lincoln Avenue, the address was listed as *747* North Lincoln Avenue.

The error in the street address became apparent on February 9, 2015, when the Lackawanna County Sheriff attempted to serve Buck in person at 747 North Lincoln Avenue and learned that "there [wa]s no 747 North Lincoln." App. 121. He noted the "bad address" in his return-of-service forms, App. 119, 121, but by that time, the Sheriff had already sent a copy of the Rule via certified mail to MERS, which was located out of state. The Tax Claim Bureau took no corrective action, and as a consequence, the only copy of the Rule served on MERS contained the incorrect address. And apparently as a further consequence, MERS did not notify Deutsche Bank, as successor to Decision One, about the Rule.

The Lackawanna County Court of Common Pleas issued an Order for Judicial Sale on March 17, 2015, setting April 16, 2015 as the final deadline for all interested parties to show cause and April 20, 2015 as the date of the sale. Neither MERS nor Deutsche Bank objected to the sale, which occurred as scheduled, and on May 29, 2015,

4

the deed was transferred to the purchaser, Bendex Properties, free and clear of all encumbrances.

A couple of months later, Deutsche Bank began foreclosure proceedings, at which point it apparently learned for the first time about the sale and the termination of its interest. It filed an action against Bendex in the Middle District of Pennsylvania seeking a declaratory judgment voiding the sale (Count I), and, in the alternative, a declaratory judgment that its mortgage survived the sale (Count II).[2] After discovery, both sides moved for summary judgment, and the District Court ruled for the Defendants on both Counts, holding that the sale was valid and that Bendex received the property free and clear of Deutsche Bank's mortgage. *Deutsche Bank Nat'l Trust Co. v. Bendex Properties LLC*, 2018 WL 1532796, at *10 (M.D. Pa. Mar. 29, 2018). This timely appeal followed.

## II.    Discussion[3]

On appeal, Deutsche Bank argues that its mortgage was not extinguished by the judicial tax sale because the Rule served on MERS[4] suffered from multiple fatal defects:

---

[2] The Tax Claim Bureau was granted leave to intervene as an additional defendant. *Deutsche Bank Nat'l Trust Co. v. Bendex Properties LLC*, 2018 WL 1532796, at *1 (M.D. Pa. Mar. 29, 2018).

[3] The District Court had diversity jurisdiction under 18 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo. *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 215 (3d Cir. 2015). To prevail at this stage, the moving party must establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

[4] MERS assigned the mortgage to Deutsche Bank in March 2015. As assignee, Deutsche Bank stands in the shoes of MERS and may assert defenses related to notice that were available to MERS. *See Kepler v. Kepler*, 199 A. 198, 203 (Pa. 1938).

it contained an incorrect street address; it was sent via certified mail, not registered mail; and it was not sent to MERS's "last known post office address," Appellant's Br. 14 (quoting 72 Pa. Const. Stat. § 5860.611).[5]  The incorrect address, by itself, compels us to conclude that the Rule sent to MERS failed to provide adequate notice of the judicial sale.[6]

If a "mortgagee is not provided adequate notice of the judicial tax sale," the sale will not extinguish her lien, "and the purchasers at the judicial tax sale take the property subject to that mortgage."  *Plank v. Monroe Cty. Tax Claim Bureau*, 735 A.2d 178, 182 n.10 (Pa. Commw. Ct. 1999).  Adequate notice generally requires strict compliance with the RETSL's "notice requirements," *In re Sale of Real Estate by Lackawanna Tax Claim Bureau*, No. 2027 C.D. 2013, 2014 WL 3805796, at *3 (Pa. Commw. Ct. Aug. 1, 2014), but strict compliance is not required if the party challenging a judicial sale had actual or inquiry notice of the sale, *see In re Sale of Real Estate by Lackawanna Cty. Tax Claim Bureau,* 986 A.2d 213, 217–18 (Pa. Commw. Ct. 2009); *Sabbeth v. Tax Claim Bureau of Fulton Cty.*, 714 A.2d 514, 517–518 (Pa. Commw. Ct. 1998).  Though both parties agree that the Rule sent to MERS contained conflicting information about the property's

---

[5] Deutsche Bank does not appeal the District Court's determination that the sale to Bendex was valid.

[6] Because the incorrect address is dispositive, we need not reach the other defects asserted by Deutsche Bank.  We note, however, that Deutsche Bank conceded at oral argument that serving the Rule via certified mail satisfies the RETSL's registered mail requirement in light of 1 Pa. Cons. Stat. § 1991, which defines registered mail, "[w]hen used in any statute finally enacted before or after September 1, 1937, [to] include[] certified mail," "unless the context clearly indicates otherwise."

location, they disagree over whether the error in the street address was sufficient to prevent MERS, and hence Deutsche Bank, from obtaining adequate notice.

Pennsylvania courts have evaluated notice documents with similar defects under the RETSL and concluded that "absolute accuracy in spelling of names in notices published pursuant to [the RETSL] is not required when . . . the party is not prejudiced by the misspelling." *See In re Moskowitz*, 447 A.2d 1114, 1115 (Pa. Commw. Ct. 1982) (discussing notice requirements for an upset tax sale under the RETSL).[7] The Pennsylvania Supreme Court has reached similar conclusions when addressing analogous situations outside the RETSL. *See Shimkus v. Klimatis*, 105 A.2d 592, 593 (Pa. 1954) (rejecting the argument that "notices posted by the sheriff were insufficient . . . for failure to give the street address" when the party challenging the sale suffered no prejudice); *Somerville v. Hill*, 104 A. 62, 63 (Pa. 1918) (determining that a property description containing an incorrect street address did not invalidate a sheriff's sale because "no allegation appear[ed] in the petition that any buyers were deterred" by the error). Applying this doctrine in *Aldhelm, Inc. v. Schuylkill County Tax Claim Bureau*, the Pennsylvania Commonwealth Court upheld the validity of an upset tax sale under the RETSL in which the notice documents listed the owner as "Aldheim, Inc." instead of "Aldhelm, Inc." 879 A.2d 400, 405 (Pa. Commw. Ct. 2005). The court found that the

---

[7] An upset tax sale is a prerequisite to a judicial tax sale under the RETSL. In an upset tax sale, the Tax Claim Bureau sets an upset sale price, which is equal to the tax liability on the property plus various interest and sale cost adjustments. If the Bureau is unable to sell the property for the upset sale price, it can then hold a judicial tax sale. *See* 72 Pa. Cons. Stat. §§ 5860.601–5860.609.

7

error "caused no one to be misled," *id.*, and noted that the "Bureau had been using th[e incorrect] spelling . . . in all its communications" with Aldhelm for ten years and that "no one at Aldhelm . . . ever alerted the Bureau to th[e] spelling error or lodged an objection," *id.* at 402.

Here, in contrast, the error in the street address clearly did "cause[ the mortgagee] to be misled," *id.* at 405, and the Rule was invalid as a result. Deutsche Bank specifically contends that the Rule contained "extraneous, materially inaccurate and *prejudicial* information," Appellant's Reply Br. 8 (emphasis added), and that this information hindered MERS's and its own ability to identify the property at issue. *Cf. Aldhelm*, 879 A.2d at 405 n.12 (plaintiff challenging the tax sale did not claim it was misled). Appellees point us to no evidence in the record that shows Deutsche Bank had knowledge of the sale or that otherwise contradicts its claims of prejudice. Furthermore, unlike the error in *Aldhelm*, which the plaintiff had "chose[n] to overlook for many years," *id.* at 405, nothing in the record suggests that the error here cropped up before the petition was filed, so Deutsche Bank had no opportunity to correct it. In fact, the record shows that the first party to be notified of the error was the Tax Claim Bureau itself, so it was the defendant-intervenor, not the plaintiff, that "chose to overlook" the issue here. *Id.*

Ultimately, the RETSL "impose[s] duties, not on owners, but on the agencies responsible for sales . . . . Hence, the inquiry is not to be focused on the neglect of the owner, . . . but on whether the activities of the Bureau comply with the requirements of the statute." *Wells Fargo Bank of Minnesota, NA v. Tax Claim Bureau of Monroe Cty.*, 817 A.2d 1196, 1200 (Pa. Commw. Ct. 2003) (quoting *Return of Tax Sale by Indiana*

8

*Cty. Tax Claim Bureau v. Clawson*, 395 A.2d 703, 706 (Pa. Commw. Ct. 1979)). Where, as here, a Tax Claim Bureau serves a mortgagee with a Rule to Show Cause that contains an error and is, at best, ambiguous regarding the location of the property to be sold, and where the Bureau learns of the error prior to the judicial sale yet takes no corrective action, the Bureau cannot be said to have fulfilled its duty under the RETSL.[8] As a result, Deutsche Bank was "not provided adequate notice of the judicial tax sale" and Bendex "t[ook] the property subject to [Deutsche Bank's] mortgage." *Plank*, 735 A.2d at 182 n.10.

## III. Conclusion

For the foregoing reasons, we will reverse the District Court's grant of summary judgment to Bendex and the Tax Claim Bureau on Count II of the complaint and will remand with instructions to enter judgment on that Count in favor of Deutsche Bank.

---

[8] It is for these same reasons that we reject Appellees' argument that the Tax Claim Bureau complied with the RETSL because the RETSL does not require that a "property subject to a judicial sale be identified by street address." Appellee's Br. 14. That the RETSL does not affirmatively require the Tax Claim Bureau to include a street address in its notice documents does not license the Bureau to include an incorrect street address. Furthermore, "[t]he primary purpose of service is to give adequate notice of the pendency of an action," and the inclusion of an incorrect street address is plainly contrary to the Rule's notice function. *In re Blount*, 898 A.2d 1181, 1184 (Pa. Commw. Ct. 2006).