IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Nomination Petition of Jordan : 
Bingham as Candidate for the Office :
Democratic Committee Person :
Ward 45, Division 9 : No. 317 C.D. 2022
:
Appeal of: Janice Pluck : Submitted: April 8, 2022


BEFORE:   HONORABLE ANNE E. COVEY, Judge

OPINION[1]
BY JUDGE COVEY                                      FILED: April 11, 2022


Janice Pluck (Objector) appeals from the Philadelphia County Common Pleas Court's (trial court) March 29, 2022 order[2] dismissing her Petition to Set Aside (Objection Petition) Jordan Bingham's (Candidate) Democratic Nomination Petition for the Office of Committee Person Ward 45, Division 9 (Nomination Petition). Objector presents one issue for this Court's review: whether the trial court erred by dismissing the Objection Petition for defective service.


**Background**

The parties do not dispute the underlying facts.  On March 14, 2022, Candidate filed the Nomination Petition containing 10 signatures.[3]  On March 22,

---

[1] "A reported opinion of a single judge filed after October 1, 2013, in an election law matter may be cited as binding precedent in an election law matter only."  Section 414(d) of the Commonwealth Court Internal Operating Procedures, 210 Pa. Code § 69.414(d).

[2] The trial court's order was signed on March 28, 2022, but was entered on the docket on March 29, 2022.

[3] Pursuant to Section 912.1 of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended*, added by Section 2 of the Act of December 12, 1984, P.L. 968, 25 P.S. § 2872.1, a candidate for committee person must submit a nomination petition with 10 valid signatures in

2022, Objector filed the Objection Petition in the trial court, asserting that Candidate's Nomination Petition was "improperly drawn, fail[ed] to contain the required number of properly ascribed signatures, and/or was improperly filed, and/or is otherwise improper." Objection Petition at 1.

On March 22, 2022, the trial court issued an order for Candidate to show cause why her Nomination Petition should not be set aside (Order to Show Cause), and scheduled a hearing for March 25, 2022. The Order to Show Cause directed Objector that "[s]ervice shall be accomplished as provided in Section 7 of President Judge Administrative Order No. 4 of 2022, issued March 8, 2022 [(Administrative Order).]" Order to Show Cause at 1. Thereafter, the trial court rescheduled and conducted the hearing on March 28, 2022.

At the March 28, 2022 hearing, Harry L. Enggasser (Enggasser) testified, and the trial court admitted into the record an Affidavit of Service, wherein, Enggasser certified that he served the Objection Petition on Candidate at 1906 East Madison Street, Philadelphia, Pennsylvania, by "plac[ing] [it] in [the] mailbox on [the] outside wall." Objector Br. Ex. 3 (Affidavit of Service) at 1; *see also* Trial Ct. Op. Ex. P-3.[4]

On March 29, 2022, the trial court issued a Final Order declaring: "The [trial c]ourt finds that the [Objection] Petition was not properly served on []

order to appear on the primary ballot. *See Lewis v. Phila. Cnty. Bd. of Elections*, 2018 WL 4009589 (C.C.P. Phila. July 31, 2018), *aff'd*, Pa. Cmwlth. No. 859 C.D. 2018, filed Aug. 13, 2018; *see also In re Bringhurst* (Pa. Cmwlth. No. 511 C.D. 2014, filed Apr. 15, 2014).

"[A] single-judge unreported opinion in an election matter, . . . under Section 414(b) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(b), may only be cited for its persuasive value and not as binding precedent." *In re Nomination Papers of B. DeNeice Welch as a Candidate for Pittsburgh City Council-Dist. 9*, 218 A.3d 976, 980 n.4 (Pa. Cmwlth. 2019).

[4] Enggasser's Affidavit of Service was not included in the trial court's original record (Original Record) transmitted to this Court on April 7, 2022.

Candidate and [the trial court] lacks jurisdiction to decide the [Objection] Petition. [] Candidate's name shall remain on the Ballot." Final Order at 1. On April 6, 2022, Objector filed her Notice of Appeal with the trial court appealing from the Final Order to this Court.[5] The trial court issued its opinion on April 8, 2022.

## Discussion

Initially,

> ["]in reviewing election issues, we must consider the longstanding and overriding policy in our Commonwealth to protect the elective franchise.["] [*In re Beyer*, 115 A.3d 835, 838 (Pa. 2015)]; *In re Driscoll*, . . . 847 A.2d 44 . . . ([Pa.] 2004). In promoting that policy, this Court has made clear that the [Pennsylvania] Election Code

---

[5] In her brief, Objector states:

> [The trial court] held that the objections to the petition of [Candidate] (as well as several other petitions with the same or similar factual issues [FN]3) should be dismissed due to defective service.
>
>> [FN]3 [Objector] has filed a motion to consolidate those other matters with this matter with the trial court and respectfully requests that this Court decide all such similarly decided matters along with that of [Candidate].

Objector Br. at 5. Candidate also references the other petitions in his brief. However, the Original Record does not include any such motion to consolidate, nor was any motion to consolidate filed in this Court. The Notice of Appeal herein expressly specifies: "The Appellee is the above named Candidate for the stated Position[,]" i.e., "Jordan Bingham[.]" Original Record at 19. Because no notice of appeal has been filed with this Court from the final orders ruling on the other petitions, this Court is without jurisdiction to render any decision thereon. *See J.F. v. D.B.*, 897 A.2d 1261, 1277 (Pa. Super. 2006) ("The law of this Commonwealth provides that courts may not rule on matters not before them[.]"). Accordingly, Objector's request is denied.

"[I]n reviewing an order adjudicating challenges to a nomination petition, our standard of review permits reversal only where the findings of fact are unsupported by substantial evidence, where there was an abuse of discretion, or where an error of law was committed." *In re Griffis*, 259 A.3d 542, 546 (Pa. Cmwlth. 2021).

[(Election Code)[6]] must "be liberally construed to protect a candidate's right to run for office and the voters' right to elect the candidate of their choice." *In re Beyer*, 115 A.3d at 838. Indeed, "the purpose of the Election Code is to protect, not defeat, a citizen's vote." *Dayhoff v. Weaver*, 808 A.2d 1002, 1006 (Pa. Cmwlth. 2002). Furthermore, "[a] party alleging defects in a nominating petition has the burden of proving such defects, as nomination petitions are presumed to be valid." *In re Beyer*, 115 A.3d at 838.

*In re Griffis*, 259 A.3d 542, 546 (Pa. Cmwlth. 2021).

This Court is . . . mindful that a balance must be struck between the liberal purposes of the Election Code and "the provisions of the [E]lection [C]ode relating to . . . nominati[on] petitions . . . [which] are necessary . . . to prevent fraud and to preserve the integrity of the election process." [*In re*] *Shimkus*, 946 A.2d [139,] 154 [(Pa. Cmwlth. 2008)] (citation omitted).

*In re Scott*, 138 A.3d 687, 692 (Pa. Cmwlth. 2016).

Objector argues that the trial court erred by dismissing the Objection Petition for defective service where service was made by a private citizen leaving a copy of the Objection Petition in the mailbox on the outside wall of Candidate's residence. Objector claims that service was effected "much in the same manner as would have been accomplished utilizing Federal Express or [United Parcel Service (]UPS[)]." Objector Br. at 2. Objector submits that, "in light of the reality and equities at stake, the [trial c]ourt's application of the Order [to Show Cause] was overly rigid and deprived [Objector] of her day in court when she made a good faith effort to ensure that [] [C]andidate was in fact served." *Id.* Objector adds: "Putting aside the complete lack of functional difference, the trial court has effectively created a manual for a candidate to fraudulently place themselves on the ballot" by hiding and forcing an objector to expend approximately $40.00 for nationally recognized

---

[6] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2601-3591.

4

overnight delivery service,[7] *id.* at 2-3, which imposes "a *de facto* filing fee for a[n] [objector]," *id.* at 10, and "creates a chilling effect and serves no valid purpose." *Id.* at 7. Objector contends that the trial court "failed to properly interpret the [] Election Code in such a way as to safeguard the integrity of elections . . . ." *Id.* at 6.

Section 977 of the Election Code states, in pertinent part:

> All nomination petitions and papers received and filed within the periods limited by this [Election Code] shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court specifically setting forth the objections thereto, and praying that the said petition or paper be set aside. A copy of said petition shall, within said period, be served on the officer or board with whom said nomination petition or paper was filed. **Upon the presentation of such a petition**, **the court shall make an order fixing a time for hearing** which shall not be later than ten days after the last day for filing said nomination petition or paper, **and specifying the time and manner of notice that shall be given to the candidate** or candidates **named in the nomination petition** or paper **sought to be set aside**. . . .

25 P.S. § 2937 (emphasis added). Accordingly, "[u]nder Section 977 of the [] Election Code, the lower court 'has complete control to regulate the time and manner

_____

[7] In her brief, Objector declares that the nationally recognized overnight delivery fee is exorbitant, considering that Objector and Candidate "are neighbors that are separated by one or two city blocks." Objector Br. at 10. Objector asks this Court to take judicial notice of the Federal Express and UPS price quote for Objector to serve Candidate the Objection Petition by overnight delivery, evidence that Objector admits she did not present to the trial court. *See id.* at 10 n.5. However, "[a]n appellate court is limited to considering only those facts that have been duly certified in the record on appeal." *B.K. v. Dep't of Pub. Welfare*, 36 A.3d 649, 657 (Pa. Cmwlth. 2012); *see also In re Amato* (Pa. Cmwlth. No. 1138 C.D. 2017, filed Sept. 14, 2017), slip op. at 13 (In election cases, "this Court can only consider the facts that have been certified in the record on appeal and may not consider documents attached to a brief that are not a part of the certified record."); *Tarpey v. Masesso* (Pa. Cmwlth. No. 483 C.D. 2015, filed Apr. 17, 2015) ("[U]nverified statements [in an election appeal] brief do not constitute facts of record." Slip op. at 3 n.3).

of giving notice and the fixing of hearings.'" *In re Blount*, 898 A.2d 1181, 1184 (Pa. Cmwlth. 2006), *aff'd*, 895 A.2d 545 (Pa. 2006) (quoting *In re Morgan*, 428 A.2d 1055, 1058 (Pa. Cmwlth. 1981)).

Here, as directed by Section 977 of the Election Code, Section 7 of the Administrative Order specified:

> A copy of the [Objection] Petition and Order to Show Cause **must be served** by [Objector] **on [] Candidate** no later than March 24, 2022[,] at 4:00 P[.]M. **Service may be accomplished by any of the below methods**:
>
> > (i) **personal service on the Candidate**;
> >
> > (ii) **personal service on any adult person at []** **Candidate's residence address** as shown on [] Candidate's affidavit; or
> >
> > (iii) **by delivery by nationally recognized** **overnight service to [] Candidate's residence** **address** shown as [] Candidate's affidavit provided that:
> >
> > > (A) delivery is attempted before March 24, 2022, at 4[:00] P.M., and
> > >
> > > (B) the package be sent with instructions to leave the Service Packet at said address if no one answers the door.

Administrative Order at 2 (emphasis added).[8]

Section 4 of the trial court's Order to Show Cause declared, in relevant part:

> A copy of this Order to Show Cause, [the Objection] Petition and attachments **must be served** by [Objector] **on** [] **Candidate** no later than March 24, 2022[,] at 4:00

---

[8] www.courts.phila.gov/pdf/regs/2022/04-of-2022-PJ-ORDER.pdf (last visited Apr. 11, 2022); *see also* Objector Br. Ex. 1; Candidate Br. Ex. A.

> P[.]M. . . . **Service shall be accomplished as provided in Section 7 of [the Administrative Order]**, and an Affidavit of Service must be filed on or before the hearing date.

Order to Show Cause at 1 (emphasis added).

Both the Administrative Order and the Order to Show Cause (which incorporated the Administrative Order's service requirements), clearly mandated that the Objection Petition "*must* be served on Candidate." Administrative Order at 2; Order to Show Cause at 1 (emphasis added). Section 7 of the Administrative Order listed three permissible methods for personal service. The Order to Show Cause reiterated the mandate set forth in the Administrative Order that the Order to Show Cause and the Objection Petition must be served on Candidate, and that such service shall be accomplished in the manner listed in Section 7 of the Administrative Order.

Based on the evidence presented at the March 28, 2022 hearing, the trial court found:

> Enggasser . . . testified that he effected service on [Candidate] . . . on March 23, 2022[,] by placing the [Objection] Petition in the mailbox at [Candidate's] residence at 1906 E. Madison Street. His testimony was consistent with his Affidavit of Service in which he states that he "placed ('the [Objection] Petition') in the mailbox on the outside wall. Storm door was locked." (Exhibit P-3). At first, [] Enggasser did not recall whether [he] knocked on the door when he attempted to effect service, but the record indicates that he did not.
>
> [] Objector did not make personal service on Candidate.[FN]3 Further, there was no evidence that [] Objector ever made a request to the [trial c]ourt to authorize another form of service.

7

Objector does not contend, nor was there any evidence that [] Enggasser worked for a nationally recognized delivery service.

Trial Ct. Op. at 3. Accordingly, "[b]ecause [] Objector did not comply with the [trial c]ourt's service requirements and never sought the [trial c]ourt's authorization to serve the [Objection] Petition using another method, [the trial court] concluded that the [Objection] Petition must be dismissed." *Id*. at 2.

Objector cites to *In re McElhatton*, 729 A.2d 163 (Pa. Cmwlth. 1991), in support of her position that Enggasser leaving the Objection Petition "in [the] mailbox on [the] outside wall" of Candidate's residence was sufficient to effectuate service. Affidavit of Service at 1. In *McElhatton*, the candidate filed a motion to dismiss the objection petition because the objectors did not serve the objection petition pursuant to the trial court's order to show cause, which required service on the candidate personally or upon an adult at his/her residence, or *upon a person in charge of his/her place of business*. The trial court concluded that the objectors' leaving of the objection petition outside the candidate's office door at the direction of a receptionist employed by the candidate's landlord was defective because the receptionist was not in charge of the candidate's office. This Court, however, determined that because the receptionist was authorized to receive clients, telephone calls, mail, and packages on the candidate's behalf, the receptionist was in charge of the candidate's business in his absence and, thus, the objectors properly served the candidate in accordance with the trial court's order to show cause.

In the instant case, the issue is whether the trial court should have found service of the Objection Petition effective, notwithstanding that Objector did not comply with any of the service methods expressly set forth in the Administrative Order and incorporated therefrom into the Order to Show Cause. Without seeking

leave from the trial court to make alternate service, the Objector completely flouted the trial court's Order to Show Cause and the Administrative Order. Under the circumstances, *McElhatton* is inapposite.

Objector also cites to *McElhatton* to support her plea that, even if this Court finds that service was defective, it should still remand the matter to the trial court with instructions to give Objector an opportunity to cure the defect. This Court acknowledges that the *McElhatton* Court stated: "[E]ven, assuming *arguendo*, service was ineffective, [the] common pleas court erred in dismissing the petition with prejudice. Instead, [the] common pleas court should have merely set aside the service, rather than dismissing the action. *Frycklund v. Way*, . . . 599 A.2d 1332 ([Pa. Super.] 1991)." *McElhatton*, 729 A.2d at 167. However, since the *McElhatton* Court remanded the matter based on its conclusion that the service was effective, that statement is dicta.[9]

Further, *Frycklund*, the case the *McElhatton* Court cited, involved preliminary objections to a writ of summons based on defective service. The *Frycklund* Court ruled that the trial court should not have dismissed the case on that basis but, rather, "it should merely have set aside the service." *Frycklund*, 599 A.2d at 1335. Given that service therein was relative to a writ of summons, as opposed to an objection petition in an election case, wherein the parameters of service are specifically ordered by the trial court and the time constraints are more restrictive based on the nature of the action, *Frycklund* is also inapposite.

---

[9] "[D]icta is 'an opinion by a court on a question that is directly involved, briefed, and argued by counsel, and even passed on by the court, but that is not essential to the decision. Dicta has no precedential value.' *Valley Twp. v. City of Coatesville*, 894 A.2d 885, 889 (Pa. Cmwlth. 2006)." *Castellani v. Scranton Times, L.P.*, 124 A.3d 1229, 1243 n.11 (Pa. 2015).

This Court has observed:

> The short time allowed under Section 977 of the Election Code for the hearing and disposition of challenges to nomination petitions suggests that persons whose [nomination] petitions are challenged should be quickly and surely notified. Further, if personal service cannot be made, because it is avoided, or for any reason, the court can be asked to authorize other forms of notice.

*In re Morgan*, 428 A.2d at 1058. "The primary purpose of service is to give adequate notice of the pendency of an action." *In re Blount*, 898 A.2d at 1184. Further, the candidate's appearance at the hearing "cannot cure defective service when service is a mandatory requirement." *In re Gerena*, 972 A.2d 86, 90 (Pa. Cmwlth. 2009).

In addition, "proper service is a prerequisite to the exercise of personal jurisdiction over a defendant or respondent." *In re Barr*, 956 A.2d 1083, 1085 (Pa. Cmwlth.), *aff'd sub nom. In re Substitute Nomination Certificate of Barr*, 958 A.2d 1045 (Pa. 2008). "This Court may not determine a legal action with respect to any party unless and until the Court possesses both subject-matter and personal jurisdiction with respect to that party." *Id.* Thus, an objector's failure to comply with a trial court's order directing the manner in which objection petitions are to be served can be fatal to the objection petition.[10] *See In re Turner* (Pa. Cmwlth. No. 57

---

[10] Objector asks this Court to conclude that she should not have been required to comply with the national overnight delivery manner of service set forth in the Administrative Order because the cost of the same created a chilling effect on the procedure for challenging a nomination petition, which procedure ensures the integrity of the electoral process. Objector gives numerous reasons why the national overnight delivery service requirement is unfair, with general references to the courts' responsibility to protect election integrity, but provides no legal authority to support her contention. The law is well established that "the lower court 'has complete control to regulate the time and manner of giving notice and the fixing of hearings.'" *In re Blount*, 898 A.2d at 1184. As the trial court correctly noted, "[i]f for any reason the Objector felt that the service requirements stymied [her] case, [she] could have requested the trial court [to] authorize other forms of service. At no point did [she] make such a request." Trial Ct. Op. at 5. The fact that Objector made no

M.D. 2021, per curiam order filed Mar. 22, 2021), *aff'd*, Pa. No. 14 EAP 2021, filed April 6, 2021 (wherein this Court dismissed the objection petition, in part, because the objectors failed to file proof that they properly served the candidate); *see also In re Bringhurst* (Pa. Cmwlth. No. 511 C.D. 2014, filed Apr. 15, 2014) (wherein this Court affirmed the trial court's order dismissing the objection petitions for failure to strictly comply with the trial court's order to show cause and the 2014 administrative order); *In re Morgan* (wherein this Court affirmed the trial court's order dismissing objection petitions left at the candidates' front door when the trial court's order required personal service).

Based on this Court's review of the record, it concludes that the evidence supported the trial court's finding that Objector did not serve the Objection Petition and Order to Show Cause on Candidate in accordance with the Administrative Order and the Order to Show Cause. Accordingly, the trial court correctly determined that Objector failed to properly serve Candidate, the trial court lacked jurisdiction, and Candidate's name shall remain on the ballot.

## Conclusion

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

---

request for alternate service, and Objector makes no assertion that Candidate did or would evade service, undermines her argument of an alleged chilling effect.

11

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Nomination Petition of Jordan   :
Bingham as Candidate for the Office   :
Democratic Committee Person   :
Ward 45, Division 9   : No. 317 C.D. 2022
  :
Appeal of: Janice Pluck   : Submitted: April 8, 2022

# O R D E R

AND NOW, this 11th day of April, 2022, the Philadelphia County Common Pleas Court's March 29, 2022 order is affirmed.

_____
ANNE E. COVEY, Judge

**IN THE SUPREME COURT OF PENNSYLVANIA**

IN RE: TEMPORARY MODIFICATION  : No. 571 Judicial Administration Docket
OF THE RULES OF APPELLATE  :
PROCEDURE ARISING UNDER THE  :
PENNSYLVANIA ELECTION CODE  :

**ORDER**

**PER CURIAM**

        **AND NOW**, this 5th day of April, 2022, in order to expedite the appellate process regarding appeals from challenges to nomination petitions for **any and all** candidates running for office in the May 17, 2022 General Primary Election, Pa.R.A.P. 903(c)(1)(ii), providing for a ten-day appeal period from an order in any matter arising under the Pennsylvania Election Code, is **TEMPORARILY MODIFIED** to provide for a five-day appeal period.

        Additionally, Pa.R.A.P. 107 is **TEMPORARILY SUSPENDED** to the extent it specifies that weekends and holidays are to be excluded from calculating the five-day appeal period.

        In appeals arising under the Election Code that fall within this order, appellants shall file briefs within twenty-four hours after filing their notice of appeal and jurisdictional statement.  Appellees' briefs are due within twenty-four hours of the filing of appellants' briefs.  Further, Pa.R.A.P. 2113 (regarding reply briefs) is **TEMPORARILY SUSPENDED** in these matters; no reply briefs will be permitted.

        Notices of appeal, jurisdictional statements, and briefs shall be filed electronically when counsel or the litigants have a PACFile account.  Otherwise, counsel or the litigants shall contact the relevant filing office during normal business hours to make alternative arrangements to ensure that the filing office actually receives the submissions by the applicable deadline.

Pa.R.A.P. 1931(a) and (c) (regarding the deadline for transmittal of the record when complete) are **TEMPORARILY SUSPENDED** in these matters, and the record shall be transferred as soon as practicable. The lower court may transmit partially completed records in the interest of facilitating prompt resolution of any appeal in these matters. Applications for reconsideration or reargument will not be entertained by this Court on election matters falling under this order.

Any court deciding a matter that arises under the Pennsylvania Election Code in relation to the May 17, 2022 General Primary Election shall append a copy of this order to its decision.

A True Copy Nicole Traini
As Of 04/05/2022

Attest: _____
Chief Clerk
Supreme Court of Pennsylvania